signature which purported to be executed for a consideration, and to convey the title away from him, and to empower the bearer of it irrevocably to dispose of the stock, he in fact 'substituted his trust in the honesty of his brokers for the control which the law gave him over his own property,' and that the consequences of a betrayal of that trust should fall upon him who reposed it, rather than upon innocent strangers from whom the brokers were thereby enabled to obtain their money?" If the bank only intended to revest in Coe whatever it acquired from him, it would have been perfectly easy to have limited the transfer to that extent only. A private understanding that such was the intention between Coe and the cashier could not affect the rights of those who, if misled, were misled by the acts of the bank. If the bank, by giving to Coe the transfer in blank with its signature, exhibited him to the money-dealing public as having the competent right of pledge and disposal, with all the usual evidences of such right, it substituted its trust in the honesty of Coe for the control which the bank should have exercised itself over the transfer of the instrument, and should suffer the loss consequent upon his betrayal of the trust, rather than to suffer it to fall upon an innocent stranger.

If the conditions upon which the apparent right of control which the bank conferred upon Coe were not expressed on the face of the instrument, but remained in confidence between the bank and Coe, the case is not distinguishable in principle from that of an agent who receives secret instructions qualifying or restricting an apparently absolute power. Jarvis v. Rogers, 15 Mass. 389; Pickering v. Busk, 15 East, 38; Fatman v. Lobach, 1 Duer, 354; New York & N. H. R. Co. v. Schuyler, 34 N. Y. 31.

One of two innocent parties must suffer in this case by the fraud of Coe. Under similar circumstances, courts have repeatedly held that the party must suffer who has exhibited the greater degree of negligence. The leading case on the indorsement of bills of lading, Lickbarrow v. Mason, 2 Term R. 63, is an authority on this point. See also Lobdell v. Baker, 3 Metc. [Mass.] 469; Polhill v. Walter, 3 Barn. & Adol. 114.

The bank is precluded from setting up the fact of the forgery of the instrument, because it would be a wrong on its own part and an injury to others whose conduct has been influenced by the acts and omissions of the bank. Swayne, J., in Merchants' Bank v. State Bank, 10 Wall. [77 U. S.] 645, says, "Estoppel in pais presupposes an error or a fault, and implies an act in itself invalid. The rule proceeds upon the consideration that the author of the misfortune shall not himself escape the consequences and cast the burden upon another." Clifford, J., recognizes this principle in his dissenting opinion in that case: "If a bank may be held liable in any case upon a certificate of their cashier

that a check is good when they have no funds of the drawer, it is not because the cashier is authorized to make such certificate, but because the bank is bound by his representation, notwithstanding it is false and unauthorized." An estoppel is a salutary rule which prevents a man from proving that to be false which he has once represented to be true, when others have acted on the faith of his representation.

The fact that Matthews has also a right of action against Coe, who is a convict and a bankrupt, does not preclude him from a remedy against the bank. Gurney v. Womersley, 4 El. & Bl. 133.

Upon the facts as agreed in this case, the plaintiff is entitled to judgment, and, according to the agreement of parties, the case is to be referred to an auditor to assess the damages. Judgment accordingly.

---

## Case No. 9,287.

### MATTHEWS v. MATTHEWS.

[Cited in Kain v. Gibboney. Case No. 7,595. Nowhere reported; opinion not now accessible.]

---

## Case No. 9,288.

### MATTHEWS v. MATTHEWS.

[2 Curt. 105.] [1]

Circuit Court, D. Massachusetts. Oct. Term, 1854.

PLEADING AT LAW — DEBT ON AWARD — PLEA OF REVOCATION — GENERAL ISSUE — NOTICE OF AWARD — DAMAGES AND COSTS — GENERAL DEMURRER.

1. There being four counts in a declaration, each founded on an alleged submission and award, a plea purporting to answer the whole action, but alleging only a revocation of one submission, and not showing which one of the four alleged, is bad on general demurrer.

2. A plea to an action of debt on an award, that the referees never made any such award as is averred in the declaration, is bad, as amounting to the general issue.

3. Ordinarily, notice of an award need not be averred; aliter if it be specially provided in the submission that notice shall be given to the parties.

4. An averment that an award was duly published, is equivalent to an averment, that the notice of the award, required by the submission, was given.

5. An action of debt lies for two sums, distinctly awarded, the one for damages, and the other for costs; and the omission to add them together, and go for the sum of both, as a sum single, is bad only on special demurrer.

6. A count on an award, that on the delivery of a release and the payment of a sum of money by the defendant to the plaintiff, the plaintiff was to deliver a release to the defendant, no averment of readiness or offer by the plaintiff to release the defendant, is bad on general demurrer.

[Cited in Smith v. Boston & M. R. Co., 88 Mass. (6 Allen) 270.]

7. A count showing differences, a submission of them, an award upon those differences, of a

[1] [Reported by Hon. B. R. Curtis, Circuit Justice.]